**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JILL MARTINEZ,

      Plaintiff,

v.                                      No. 20-cv-01240-WJ-SCY

NORTHERN ARIZONA UNIVERSITY,

      Defendant.

### <u>ORDER DENYING THIRD MOTION TO APPOINT COUNSEL</u>

This matter comes before the Court on pro se Plaintiff's letter, filed May 25, 2021. Doc. 23. Plaintiff's letter, which the Court construes as a motion, requests appointment of counsel. This is the third letter from Plaintiff requesting appointment of counsel. *See* Doc. 12 (letter filed February 11, 2021); Doc. 15 (letter filed February 18, 2021). The Court denied both requests. *See* Docs. 13, 17.

The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot *require* an unwilling attorney to represent an indigent litigant in a civil case, *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 296 (1989). Congress has not provided any mechanism, process, or funds to pay appointed counsel. 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in

the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.

Mindful of this balance, the Tenth Circuit has outlined various factors the district court should consider in determining whether to exercise its discretion and appoint counsel. "In determining whether to appoint counsel [under 28 U.S.C. § 1915(e)], the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

It continues to be premature to evaluate the merits of Plaintiff's claim. The issue currently presented is whether Plaintiff must sue an Arizona university in Arizona, rather than New Mexico. Doc. 20. This question must be evaluated prior to assessing whether Plaintiff's allegations are meritorious. It is not a complex issue. In addition, the Court remains unconvinced, as it expressed in its prior orders, of Plaintiff's inability to proceed without counsel. Plaintiff's third request states that she cannot present the facts and law in support of her case, but the letter itself, and the amended complaint, demonstrates Plaintiff's ability to do so. Doc. 23 at 1 ("I requested mediation and NAU declined my request"); *id.* (referring to "adequate evidence"); *id.* at 2 (asserting that Defendant presented facts Plaintiff knows to be false); Doc. 14 at 2 (presenting allegations related to Defendant's activities directed to New Mexico); *id.* at 2-4 (summarizing the allegations in the case). To the extent Plaintiff seeks information from the Court on how to proceed, Doc. 23 at 2, the Court must deny her request. It is not the function of the Court to advocate on behalf of any litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court therefore denies the third request for the same reasons stated in its February 12, 2021 Order Denying Motion To Appoint Counsel and its February 19, 2021 Order Denying Second Motion To Appoint Counsel. Docs. 13, 17.

**IT IS THEREFORE ORDERED** that Plaintiff's letter, characterized as a motion to appoint counsel, Doc. 23, is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's letter request for extension of time to respond to the Motion to Dismiss, Doc. 22, is GRANTED. Plaintiff shall file her response on or before July 21, 2021.

**UNITED STATES MAGISTRATE JUDGE**